11-4592-cv
*Carrier v. Bradley*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of November, two thousand twelve.

PRESENT:

>  PIERRE N. LEVAL,
>  JOSÉ A. CABRANES,
>  ROBERT D. SACK,
>
>  *Circuit Judges.*

---

JOSEPH CARRIER, et al.,

>  *Plaintiffs-Appellants*,

>  v.                                              No. 11-4592-cv

ADAM BRADLEY, et al.,

>  *Defendants-Appellees.*

---

**FOR PLAINTIFFS-APPELLANTS:**        Donald P. Henry, White Plains, NY.

**FOR DEFENDANTS-APPELLEES:**         Richard K. Zuckerman, Matthew J. Mehnert, Lamb & Barnosky, LLP, Melville, NY; John M. Flannery, Peter A. Meisels, Lalit K.

Loomba, Wilson Elser Moskowitz Edelman & Dicker, White Plains, NY.

Appeal from an order dated September 30, 2011 of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED for lack of appellate jurisdiction**.

On May 24, 2010, the City of White Plains, New York, passed an ordinance providing that certain fire fighters "shall continue to be entitled . . . to have the city contribute eighty-five percent of the premium charged by the New York State Empire Health Insurance Program toward the cost of providing individual or family coverage under any of the health insurance programs the city makes available to its employees." Joint App'x 83. About a month later, unions representing active and retired fire fighters filed suit in the Southern District of New York against the City of White Plains and various city officials, alleging nine causes of action for purported violations of their constitutional rights, breach of contract, violation of New York Civil Service Law, and relief under New York Civil Practice Law and Rules Article 78. The defendants then moved to dismiss several of the plaintiffs' claims. As relevant here, the District Court (in an order dated September 30, 2011) granted the defendants' motion to dismiss all claims asserted on behalf of active and recently retired fire fighters because those claims were not yet ripe for review. The active and recently retired fire fighters then appealed that order, arguing that the District Court erred in finding their claims not justiciable. We assume the parties' familiarity with the facts and issues in this case.

On appeal, the defendants argue that we lack appellate jurisdiction and therefore must dismiss this appeal without considering the merits. We agree. As relevant here, our appellate jurisdiction is limited to review of final judgments, *see* 28 U.S.C. § 1291,[1] clarified by Rule 54(b) of the Federal Rules of Civil Procedure.[2] We have explained:

---

[1] 28 U.S.C. § 1291 provides, in relevant part: "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States."

[2] Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Rule 54(b) of the Federal Rules of Civil Procedure sets out the requirements for the entry of a partial final judgment in multi-claim or multi-party actions. A final judgment may be entered as to some—but fewer than all—claims or parties "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). The Rule makes clear that if the District Court does not *both* direct entry of judgment *and* expressly determine that there is no just reason for delay, then its order or decision is not final, whether or not it is labeled a "judgment."

*HBE Leasing Corp. v. Frank*, 48 F.3d 623, 631 (2d Cir. 1995). "The requirement of an express determination cannot be met if the District Court does not make clear that such determination is for the purpose of certifying a final judgment [under Rule 54(b)]." *Id.*

In this case, the District Court granted the defendants' motion to dismiss several claims, but "there is simply no evidence that the District Court intended its ruling . . . to constitute a Rule 54(b) certification." *Id.* Nor is the ruling a collateral order under *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546–47 (1949). Accordingly, we must dismiss this appeal for lack of jurisdiction. Should the appellants so choose, they may file a motion in the District Court requesting the appropriate certification under Rule 54(b) and, if granted, reinitiate their appeal. *Cf. In re Chateaugay Corp.*, 922 F.2d 86, 91–92 (2d Cir. 1990).

## CONCLUSION

For the foregoing reasons, this appeal is **DISMISSED for lack of appellate jurisdiction.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3